UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTINA SIMONS,

                        Plaintiff,

        -against-                                        **REPORT AND RECOMMENDATION**
                                                                          21-CV-5311-RPK-SJB

BRIGADE USA INC.,
                        Defendant.
----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      Plaintiff Christina Simons ("Simons") commenced this action, alleging a violation of section 106 of the Copyright Act by Defendant Brigade USA, Inc. ("Brigade"). Simons alleges that Brigade used a photograph of Anthony Bourdain in an online review of his book "Kitchen Confidential" without her permission. Brigade failed to answer or otherwise respond to the Complaint. Simons moved for a default judgment on January 17, 2022. (Notice of Mot. filed Jan. 17, 2022 ("Notice of Mot."), Dkt. No. 11). The Honorable Rachel P. Kovner referred the motion to the undersigned on January 18, 2022. (Order Referring Mot. dated Jan. 18, 2022).

      For the reasons stated below, it is respectfully recommended that the motion for default judgment be granted and Simons be awarded a total award of $2,175, plus post-judgment interest.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      Simons is a professional photographer based in Melbourne, Australia who holds the exclusive rights to a photograph of celebrity chef Anthony Bourdain (the "Photograph"). (Compl. dated Sept. 24, 2021 ("Compl."), Dkt. No. 1 ¶¶ 5, 8–9; Undated Photograph ("Photograph"), attached as Ex. A to Compl.). The Photograph is in black

and white and depicts Anthony Bourdain ("Bourdain"), dressed in a chef coat, lighting a cigarette while looking directly into the camera. (*Id.*). The photograph was first published in March 2005. (Certificate of Registration dated June 19, 2018 ("Certificate of Registration"), attached as Ex. B to Compl.). Simons registered the Photograph with the United States Copyright Office on June 19, 2018. (*Id.* (Registration No. VA 2-121-265); Compl. ¶ 10).

Brigade is a New York corporation that owns and operates the website www.brigadeus.com. (Compl. ¶¶ 6–7). Simons alleges that Brigade published a book review of Bourdain's book "Kitchen Confidential" that "prominently features the Photograph." (*Id.* ¶ 11; Kitchen Confidential: Brigade Book Review dated Sept. 5, 2019, attached as Ex. C. to Compl. at 2–3). Simons alleges that she neither licensed nor gave permission or consent to Brigade to use the photograph. (Compl. ¶ 12).

The Complaint contains one cause of action for infringement in violation of the Copyright Act, 17 U.S.C. § 106. (*Id.* ¶¶ 13–21). Brigade was served with a summons and the Complaint on October 12, 2021 via the New York Secretary of State. (Aff. of Service dated Oct. 12, 2021 ("Executed Summons"), Dkt. No. 6). Brigade failed to appear, answer, or otherwise respond to the Complaint. Simons sought a certificate of default against Brigade on November 30, 2021, (Req. for Certificate of Default dated Nov. 30, 2021, Dkt. No. 8), which the Clerk of Court entered. (Certificate of Default dated Jan. 5, 2022 ("Certificate of Default"), Dkt. No. 10). Simons moved for default judgment on January 17, 2022. (Notice of Mot.). On January 17, 2022, the motion and its supporting papers were served by mail on Brigade's last known business address. (Certificate of Service filed Jan. 17, 2022, Dkt. No. 15).

Simons seeks (1) $5,000 in statutory damages for copyright infringement in violation of the Copyright Act, (2) $735 in attorney's fees, (3) $440 in costs, and (4) post-judgment interest. (Compl. Prayer for Relief ¶¶ 1–6; Notice of Mot. at 1; Decl. of James H. Freeman dated Jan. 17, 2022 ("Freeman Decl."), Dkt. No. 13 ¶¶ 14–16; Mem. in Supp. of Pl.'s Mot. for Default J. dated Jan. 17, 2022 ("Mem. of Law"), Dkt. No. 12 at 21).

## DISCUSSION

I.  Entry of Default Judgment

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for a plaintiff to obtain a default judgment." *See Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551, 2013 WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013) (adopting report and recommendation). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after default has been entered, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment against that defendant. *Id.* r. 55(b)(2).

The Clerk entered a default against Brigade on January 5, 2022. (Certificate of Default).

A threshold question before reaching liability or damages is whether the defendant's conduct is sufficient to warrant default judgment being entered. In determining whether to enter a default judgment, the Court is guided by the same factors that apply to a motion to set aside entry of a default. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d

3

167, 170–71 (2d Cir. 2001). These factors are "1) whether the defendant's default was willful; 2) whether the defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (citation omitted); *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721, 2019 WL 312149, at *3 (E.D.N.Y. Jan. 3, 2019), *report and recommendation adopted*, 2019 WL 291145, at *2 (Jan. 23, 2019).

As to the first factor, the failure by Brigade to respond to the Complaint demonstrates the default was willful. *See, e.g.*, *id.* It had sufficient notice of the present litigation. It was properly served with a summons and a copy of the Complaint via the New York Secretary of State on October 12, 2021. (Executed Summons). The motion for default judgment and certificate of default were served upon it via mail to Brigade's last known business address. Notwithstanding this notice and service, Brigade did not respond to the Complaint, did not appear, and has not in any way attempted to defend itself.

As to the second factor, the Court cannot conclude there is any meritorious defense to Simons's allegations because Brigade did not appear, and no defense has been presented to the Court. *See, e.g.*, *Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007); *United States v. Hemberger*, No. 11-CV-2241, 2012 WL 1657192, at *2 (E.D.N.Y. May 7, 2012). As to the third factor, the non-defaulting party, Simons, would be prejudiced if the motion for default were denied in this case "as there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226,

4

2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008), *report and recommendation adopted*, 2009 U.S. Dist. LEXIS 6074, at *2 (Jan. 26, 2009).

All three factors weigh in favor of the entry of default judgment. The Court now turns to the liability imposed, damages, and other relief to be awarded.

II.   Liability

In deciding a motion for default judgment, a court "is required to accept all of the [plaintiff]'s factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). A party's default is deemed an admission of all well-pleaded allegations of liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992); *Morales v. B & M Gen. Renovation Inc.*, No. 14-CV-7290, 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 1258482, at *2 (Mar. 29, 2016).

"Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *LaBarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (adopting report and recommendation) (citation and quotations omitted); *see also* 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2688.1 (4th ed. 2020) ("Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.") (footnote omitted). "[T]he court must accept all well-pleaded allegations in the complaint as true, except those pertaining to the amount of damages." *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 675 (S.D.N.Y. 2011) (citing Fed. R.

5

Civ. P. 8(b)(6); and then citing *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009)).

Simons seeks a default judgment on the sole claim in her Complaint, infringement in violation of the Copyright Act.

The Act provides the owner of a copyright, among other things, the "exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies . . .; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106; *see also Sheldon v. Plot Com.*, No. 15-CV-5885, 2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 5107058, at *1 (Sept. 19, 2016). By implication, those who lack ownership in a copyright do not hold such rights and may be liable for infringement.[1]

"To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Kennedy v. Medgen, Inc.*, No. 14-CV-5843, 2016 WL 6585812, at *3 (E.D.N.Y. Apr. 19, 2016) ("A prima facie case of copyright infringement is established by showing ownership of a valid copyright and a violation of the exclusive right of use."), *report and recommendation adopted*, 2016 WL 6601450, at *1 (Nov. 5, 2016).

---

[1] "Section 501 of the Act provides the owner of a copyright with a cause of action for infringement against '[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118.' 17 U.S.C. § 501(a)." *Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*, 254 F. Supp. 3d 584, 590 (S.D.N.Y. 2017), *aff'd*, 738 F. App'x 722, 724 (2d Cir. 2018).

As to the first element, "'the existence of a valid copyright can be established by the introduction into evidence of a Copyright Office certificate of registration. Such a certificate, if timely obtained, 'constitute(s) prima facie evidence of the validity of the copyright and of the facts stated in the certificate.'" *Sheldon*, 2016 WL 5107072, at *11 (quoting *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980)). Although the presentation of a copyright certificate generally "shifts the burden of proof to Defendants to show the invalidity of Plaintiff[']s copyrights," in the context of a default judgment a timely certificate is sufficient to establish validity. *Id.* at *11–*12 (quoting *Prince Grp., Inc. v. MTS Prods.*, 967 F. Supp. 121, 124 (S.D.N.Y. 1997)); *see also, e.g.*, *CJ Prods. LLC v. Concord Toys Int'l Inc.*, No. 10-CV-5712, 2011 WL 178610, at *3 (E.D.N.Y. Jan. 19, 2011) ("Since defendants have not submitted . . . a scintilla of evidence to cast doubt on the validity of any of the subject copyrights, . . . the presumption of validity has certainly not been rebutted.").

Simons submitted the Certificate of Registration associated with the Photograph, which has an effective date of June 19, 2018. (Certificate of Registration). The Certificate of Registration names Simons as the author of the Photograph and as the copyright claimant, (*id.*), and the Court concludes she has established ownership of the

7

copyright for the Photograph.[2]  *See, e.g.*, *Sheldon,* 2016 WL 5107072, at *12 ("Sheldon has provided a Certificate of Registration demonstrating his ownership of the Photograph and providing prima facie evidence of the validity of the copyright.").

As to the second element, the infringement of original work, a plaintiff must allege a violation of the exclusive rights provided to a copyright owner under 17 U.S.C. § 106 and must meet a minimal burden to establish the work is original.  *Id.* at *11. Simons alleges Brigade reproduced and displayed the Photograph on its website without a license or any other authorization.  (Compl. ¶¶ 12, 14–15).  This is sufficient to establish that Brigade violated her exclusive rights in the Photograph.  *See, e.g.*,

---

[2] Under the Copyright Act, "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.  The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court." 17 U.S.C. § 410(c); *see also Van Cleef & Arpels Logistics, S.A. v. Jewelry*, 547 F. Supp. 2d 356, 362 (S.D.N.Y. Apr. 21, 2008) ("Although a copyright registration issued more than five years after the first publication of a work is not entitled to the statutory presumption of validity, a court may accord it such evidentiary weight as it sees fit."), *reconsideration denied*, 583 F. Supp. 2d 461, 466 (Oct. 4, 2008).  The Photograph was registered on June 19, 2018 and the earliest date of publication was March 2005.  Compl. ¶ 10; Certificate of Registration.

Although more than five years passed between publication and registration, in light of Brigade's default, there is nothing in the record for the Court to conclude that the copyright registration is invalid.  And, as such, the Court still considers it as prima facie evidence of a valid copyright. *Simhaq v. Kid Carter Touring, Inc.*, No. 20-CV-2057, 2021 WL 3810754, at *3 (E.D.N.Y. Aug. 11, 2021) ("Plaintiff's certificate was not effective until . . . just over five years after its first publication on May 10, 2014. . . . However, because Defendants have failed to offer evidence showing that the certificate of registration is invalid, Plaintiff sufficiently established his valid ownership of the copyright.") (citations omitted), *report and recommendation adopted,* 2021 WL 3793876, at *1 (Aug. 26, 2021); *CJ Prods. LLC*, 2011 WL 178610, at *3 ("All in all, the Court treats the certificates of registration for the five stale registration products as *prima facie* evidence of their validity, despite the fact that they were registered outside the five-year period."); *Telerate Sys., Inc. v. Caro*, 689 F. Supp. 221, 227 n.7 (S.D.N.Y. 1988) ("Even if the certificate were . . . issued more than five years after the actual date of first publication, the court would be inclined to give the certificate the weight of prima facie evidence, as permitted under Section 410(c).").

8

*Korzeniewski*, 2019 WL 312149, at *6 ("Korzeniewski alleges Sapa Pho, who did not own any rights to the Image, reproduced and displayed it, and that he did not consent to authorize, permit, or allow in any manner the use of the Image. This is enough to establish that Sapa Pho violated his exclusive rights in the Image."); *Reilly v. Plot Com.*, No. 15-CV-5118, 2016 WL 6837895, at *5 (S.D.N.Y. Oct. 31, 2016) ("The well-pleaded allegations of plaintiff's complaint demonstrate that . . . defendant infringed [plaintiff's] copyright by producing and displaying an unauthorized copy of the Photograph on its website."), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 160884, at *2 (Nov. 21, 2016).

Simons has also established that the Photograph is an original work. "The burden of proving originality is 'minimal[.]'" *Dermansky v. Tel. Media, LLC*, No. 19-CV-1149, 2020 WL 1233943, at *3 (E.D.N.Y. Mar. 13, 2020) (quoting *Sheldon*, 2016 WL 5107072, at *11). Originality "simply means a work independently created by its author, one not copied from pre-existing works, and a work that comes from the exercise of the creative powers of the author's mind[.]" *Sheldon*, 2016 WL 5107072, at *11 (quoting *Boisson v. Banian Ltd.*, 273 F.3d 262, 268 (2d Cir. 2001)). Simons alleges that she is a professional photographer and took the Photograph herself. (Compl. ¶¶ 5, 8–9). This is sufficient to establish originality. *See, e.g.*, *Dermansky*, 2020 WL 1233943, at *3 ("Plaintiff's complaint sufficiently alleges that the photograph at issue is a result of her own creative process, for Plaintiff alleges that she is a professional photographer who 'licens[es] her photographs to online and print media' and that she is the one who 'photographed a taxidermy animal.'") (alteration in original); *Sheldon*, 2016 WL 5107072, at *12 ("The Photograph is the result of Sheldon's creative process, as he chose when to take the Photograph and the angle from which to capture the singer. Thus, Plot

9

Commerce undeniably copied original elements of plaintiff's work, by using the exact photograph taken by Sheldon.").

In light of the foregoing, the Court finds that Simons has demonstrated Brigade's liability for infringement under section 106 of the Copyright Act.

III.     Damages, Fees, Costs, and Interest

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup*, 973 F.2d at 158. "[A]lthough the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Griffiths v. Francillon*, No. 10-CV-3101, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (quoting *Ann Taylor, Inc. v. Interstate Motor Carrier, Inc.*, No 03-CV-7502, 2004 WL 2029908, at *3 (S.D.N.Y. Sept. 13, 2004)), *report and recommendation adopted*, 2012 WL 1354481, at *2 (Apr. 13, 2012). "The court must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (adopting report and recommendation) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1992)). "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (adopting report and recommendation) (collecting cases).

10

      A.      <u>Damages under the Copyright Act</u>

Under the Copyright Act, once liability for infringement has been established, a plaintiff can elect either actual or statutory damages. 17 U.S.C. §§ 504(a), (c)(1); *Philpot v. Music Times LLC*, No. 16-CV-1277, 2017 WL 9538900, at *5 (S.D.N.Y. Mar. 29, 2017) ("Upon establishing a defendant's liability under this Section, a plaintiff may recover his actual damages caused by the infringement, as well as any additional profits made by the defendant. Alternatively, the plaintiff may elect to recover statutory damages.") (citations omitted), *report and recommendation adopted*, 2017 WL 1906902, at *2 (May 9, 2017). "Statutory damages are available 'without proof of [the] plaintiff's actual damages, and are useful in cases where proof of actual damages or profits is insufficient.'" *Id.* (alteration in original) (quoting *EMI April Music Inc. v. 4MM Games, LLC*, No. 12-CV-2080, 2014 WL 325933, at *3 (S.D.N.Y. Jan. 13, 2014), *report and recommendation adopted*, 2014 WL 1383468, at *2 (Apr. 7, 2014)).

"The court has broad discretion, within statutory limits, in awarding statutory damages." *Noble v. Crazetees.com*, No. 13-CV-5086, 2015 WL 5697780, at *6 (S.D.N.Y. Sept. 28, 2015) (adopting report and recommendation). Generally, statutory damages can be awarded "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). However, a court can award up to $150,000 if it finds the copyright infringement to be willful. *Id.* § 504(c)(2). While "[s]tatutory damages need not be directly correlated to actual damages, . . . they ought to bear some relation to actual damages suffered." *Seelie v. Original Media Grp. LLC*, No. 19-CV-5643, 2020 WL 136659, at *3 (E.D.N.Y. Jan. 13, 2020) (quoting *Mantel v. Smash.com Inc.*, No. 19-CV-6113, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019)). To that end, in determining a statutory damages award, courts evaluate:

11

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

Simons seeks statutory damages of $5,000 for the Photograph. (Notice of Mot. at 1; Mem. of Law at 10). Aside from asserting that Brigade's "utter disregard for this proceeding in its entirety warrant[s] the Court's finding of willfulness[,]" (*id.* at 15), and that statutory damages should be awarded to "discourage further wrongdoing[,]" (*id.* at 16), Simons does not address any of the other factors. And she failed to submit evidence of any loss of revenue, or her licensing fee, or Brigade's profits, suggesting that her actual losses are *de minimis*. Mem. of Law at 4 ("Even if evidence of Plaintiff's actual losses is available, there is no requirement that Plaintiff produce such evidence after electing to recover statutory damages."); *see Hirsch v. Sell It Soc., LLC*, No. 20 CV 153, 2020 WL 5898816, at *4 (S.D.N.Y. Oct. 5, 2020) (citing *Seelie,* 2020 WL 136659, at *4).

Simons argues that statutory damages can be awarded "regardless of the actual harm suffered[.]" (Mem. of Law at 18–19). But the extent of those statutory damages is measured by the factors set forth in *Bryant*, and outside of legal argument—and the fact, based on Brigade's default, that the infringement is willful—Simons offers no evidence that warrants an award beyond one that is minimal. Indeed, the cases Simons relies upon demonstrate the point by painting a stark contrast with the presentation she has offered here.

In *Entral Grp. Int'l, LLC v. Honey Cafe on 5th, Inc.*, the plaintiff filed an affidavit "regarding lost license fees and estimated gross profits realized by defendants[.]" No. 05 CV 2290, 2006 WL 3694584, at *5 (E.D.N.Y. Dec. 14, 2006); Mem. of Law at 12–13.

12

Similarly, in *Van Der Zee v. Greenidge*, the plaintiff shared that the defendant "avoided payment of a $1,500 per photograph licensing fee" the plaintiff required. No. 03 Civ. 8659, 2006 WL 44020, at *2 (S.D.N.Y. Jan. 6, 2006). And in *Wilen v. Alternative Media Net, Inc.*, the defendant engaged in "blatant concealing of the copyright notice appearing on each" of seven photos. No. 03 Civ. 2524, 2004 WL 2823036, at *2 (S.D.N.Y. Dec. 3, 2004), *report and recommendation adopted*, 2005 WL 167589, at *5 (S.D.N.Y. Jan. 26, 2005). Simons also cites *Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416, 2012 WL 5506121, at *2 (S.D.N.Y. Nov. 7, 2012), *aff'd*, 748 F.3d 120, 127 (2d Cir. 2014). But *Psihoyos* followed a jury trial in which the plaintiff presented robust evidence of willfulness. *Id.* (To take just one example, "Plaintiff presented an array of evidence indicating that Defendant made no effort to curb its infringement after becoming aware that Plaintiff's photographs had been used without license or that books had been printed exceeding Defendant's license." *Id.*).

When courts have awarded "maximum or substantial statutory damages for violation of the Copyright Act," there is typically "additional evidence of willfulness and allegations of actual awareness on the part of the defendants of their infringing activity; there is usually at least one cease-and-desist letter sent to the defendant, and, frequently, requests for injunctive relief." *Dermansky*, 2020 WL 1233943, at *5.

Simons cites three cases in support of her request for $5,000 in statutory damages, but they are either inapposite or support a lower award. In *Seelie v. Original Media Grp. LLC*, the Court noted that "it is obviously incumbent upon the plaintiff to submit a record sufficient to support the amount of statutory damages that he is seeking[,]" and "even on a motion for default judgment, the plaintiff may be able to ascertain information from readily available public sources about the infringement and

13

the defendant's financial status." 2020 WL 136659, at *2. And the court noted that a higher award was warranted because of the presence of additional aggravating factors, including removal of accreditation, *see id.* at *4–*5, which are not present here. *Bass v. Diversity Inc. Media* involved multiple uses of the photograph—the plaintiff alleged that the defendant licensed the photograph to a newspaper, which republished the photograph while giving the defendant credit, and that the defendant later published the photograph on the internet. No. 19-CV-226, 2020 WL 2765093, at *1 (S.D.N.Y. May 28, 2020). And finally, in *Mango v. Pacifica Foundation Inc.*, the default judgment was subsequently vacated. No. 18-CV-6318, 2019 WL 569073, at *2 (E.D.N.Y. Feb. 11, 2019), *vacated*, 2019 WL 4134776, at *1 (May 2, 2019).

Courts have consistently awarded between $750 and $1,000 in statutory for a single infringement where there is no additional evidence of damages. *E.g.*, *Lowery v. Fire Talk LLC*, No. 19-CV-3737, 2020 WL 5441785, at *5 (E.D.N.Y. June 29, 2020) (awarding $750 because infringing conduct was *de minimis* "[w]ith no evidence of Defendant's willfulness, no evidence of actual harm, and only a single act of alleged infringement"), *report and recommendation adopted*, 2020 WL 5425768, at *1 (E.D.N.Y. Sep. 10, 2020); *Verch v. Sea Breeze Syrups, Inc.*, No. 19-CV-5923, 2020 WL 7407939, at *4 (E.D.N.Y. Aug. 20, 2020) (awarding $1,000 because infringing conduct was *de minimis* where "there is only one alleged act of infringement, there are no cease-and-desist letters, there are no requests for injunctive relief, the usual licensing fee has not been provided, and there is no evidence of any actual harm"), *report and recommendation adopted*, 2020 WL 7402209, at *1 (Dec. 17, 2020); *Dermansky*, 2020 WL 1233943, at *5–*6 (same); *Balhetchet v. Su Caso Mktg. Inc.*, No. 19-CV-4475, 2020 WL 4738242, at *4 (E.D.N.Y. Aug. 14, 2020) (ruling award of $1,000 in single

14

infringement action "reasonable given the . . . lack of a baseline amount of Plaintiff's licensing fee or any loss of profits").

In light of the foregoing and in the absence of any detailed presentation to justify a higher award, the Court respectfully recommends $1,000 in statutory damages be awarded to Simons.  *E.g.*, *Verch*, 2020 WL 7407939, at *4; *Dermansky*, 2020 WL 1233943, at *5–*6; *Balhetchet*, 2020 WL 4738242, at *4.

B.  Attorney's Fees

Simons also seeks an award of attorney's fees pursuant to the Copyright Act. (Compl. Prayer for Relief ¶ 4).  The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof."  17 U.S.C. § 505.  "[T]he court may also award a reasonable attorney's fee[.]"  *Id.*

"When determining whether to award attorney[']s fees [in copyright cases], district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence."  *Bryant*, 603 F.3d at 144.  "The third factor—objective unreasonableness—should be given substantial weight."  *Id.*  "The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and necessity of the hours spent and rates charged."  *Sell it Soc.*, 2020 WL 5898816, at *5.

As a result, the Court turns to the appropriateness of the fees sought.  In assessing whether legal fees are reasonable, the Court determines the "presumptively reasonable fee" for an attorney's services by examining what a reasonable client would be willing to pay.  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of*

15

*Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed. *Id*. The next step is to determine the reasonableness of the hours expended by counsel. *See, e.g.*, *LaBarbera v. Empire State Trucking*, Inc., No. 07-CV-669, 2008 WL 746490, at *4–*5 (E.D.N.Y. Feb. 26, 2007), *report and recommendation adopted*, 2008 U.S. Dist. LEXIS 21770, at *2 (Mar. 19, 2008). The number of hours spent on a lawsuit are considered unreasonable if they are "excessive, redundant, or otherwise unnecessary." *See, e.g.*, *LaBarbera v. Frank J. Batchelder Transp. LLC*, No. 08-CV-3387, 2009 WL 240521, at *4 (E.D.N.Y. Feb. 2, 2009) (adopting report and recommendation) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)).

As for the reasonableness of the proposed hourly rate, courts examine the experience and qualifications of counsel seeking the fee award. "In copyright cases, courts in this district have approved rates between $350 and $500." *Farrington v. Jewish Voice Inc.*, No. 21-CV-1575, 2022 WL 543029, at *6 (E.D.N.Y. Feb. 7, 2022), *report and recommendation adopted*, 2022 WL 541645, at *1 (Feb. 23, 2022); *see also Entral Grp. Int'l v. Sun Sports Bar Inc.*, No. 05-CV-4836, 2007 WL 2891419, at *10 (E.D.N.Y. Sept. 28, 2007) (approving rate of $560 per hour for partner as "reasonable and within the range of rates charged for copyright infringement cases in New York City").

Simons is represented by attorney James H. Freeman ("Freeman"). (Compl. at 5). With her motion for default judgment, Simons seeks $735 in attorney's fees, based on 2.1 hours of work completed by Freeman. (Freeman Decl. ¶¶ 14, 16). Freeman seeks compensation at an hourly rate of $350. (*Id.* ¶¶ 15–16). He graduated from Benjamin N. Cardozo School of Law in 2000, and, although he is not a partner at his firm,

Freeman has practiced intellectual property law as an attorney for 20 years. (*Id.* ¶ 15). The Court thus finds $350 per hour to be a reasonable billing rate for Freeman. *See, e.g.*, *Farrington*, 2022 WL 543029, at *6. Turning next to the reasonableness of time expended, Freeman states that he performed 2.1 hours of work on this case. (Freeman Decl. ¶ 16). The Court finds this range of hours reasonable for this action, considering the relative simplicity of the action and damages awarded in similar proceedings. *See e.g.*, *Pires v. UOB Holdings (USA) Inc.*, No. 20-CV-01612, 2022 WL 902464, at *6 (S.D.N.Y. Mar. 28, 2022) (approving fees for 2.1 hours of work for single infringement action).

Therefore, the Court respectfully recommends that Simons be awarded $735 in attorney's fees, which consists of 2.1 hours compensated at an hourly rate of $350.

C. Costs

Simons seeks reimbursement for costs consisting of $400 in filing fees and $40 in service of process fees. (Freeman Decl. ¶ 16). Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, a prevailing party is entitled to recover certain taxable costs. These include filing fees, 28 U.S.C. § 1920(1), and reasonable service of process fees, *Master Grp. Glob. Co. v. Toner.Com Inc.*, No. 19-CV-6648, 2020 WL 5260581, at *15 (E.D.N.Y. Aug. 10, 2020), *report and recommendation adopted*, 2020 WL 5259057, at *1 (Sept. 3, 2020).

Filing fees are recoverable without supporting documentation if verified by the docket. *E.g.*, *Shalto v. Bay of Bengal Kabob Corp.*, No. 12-CV-920, 2013 WL 867420, at *2 (E.D.N.Y. Mar. 7, 2013) (adopting report and recommendation in part); *Philpot*, 2017 WL 9538900, at *11 (stating that the filing fee is "a fact of which the Court can take judicial notice"). The docket indicates the $400 filing fee was paid. (Dkt. Entry No. 1

17

dated Sept. 24, 2021). Therefore, although Simons did not submit a receipt, the filing fee is reimbursable.

Process server fees are also recoverable if supported by documentation. *Korzeniewski*, 2019 WL 312149, at *12. The Executed Summons indicates that the fee for service was $40. (Executed Summons). This is sufficient for Simons to recover process server fees. *See, e.g.*, *Bari v. Impremedia Operating Co., LLC*, No. 20-CV-310, 2021 WL 724904, at *6 (E.D.N.Y. Jan. 8, 2021) (awarding service fee of $40 in copyright case based on cost noted on proof of service), *report and recommendation adopted*, 2021 WL 720705, at *1 (Feb. 24, 2021); *Joe Hand Promotions, Inc. v. Rosero*, No. 19-CV-792, 2020 WL 2572328, at *9 (E.D.N.Y. Feb. 18, 2020) (awarding $60 for service of process fees supported by documentation in copyright case), *report and recommendation adopted*, Order dated Mar. 5, 2020.

Therefore, the Court respectfully recommends an award of $440 in costs.

D.   Post-Judgment Interest

Simons seeks an award of post-judgment interest at the statutory rate. "Although the Complaint did not seek relief in the form of post-judgment interest, such relief is mandatory under federal law." *Bleecker v. Zetian Sys., Inc.*, No. 12 Civ. 2151, 2013 WL 5951162, at *2 (S.D.N.Y. Nov. 1, 2013) (adopting report and recommendation) (entering default judgment); *U.S. Bank Nat'l Ass'n v. Brooklyn Motor Cars, Inc.*, No. 18-CV-2609, 2019 WL 1370696, at *6 (E.D.N.Y. Mar. 4, 2019) ("Although Plaintiff did not request post-judgment interest in the Complaint, it is entitled to such relief since it is mandatory under federal law."), *report and recommendation adopted*, 2019 WL 1367285, at *1 (E.D.N.Y. Mar. 26, 2019); *see also Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the

18

date judgment is entered.") (quoting 28 U.S.C. § 1961(a)). "The post-judgment interest rate . . . is tied 'to the weekly average 1-year constant maturity Treasury yield . . . for the week preceding the date of judgment.'" *Genworth Life & Health Ins. Co. v. Beverly*, 547 F. Supp. 2d 186, 190 (N.D.N.Y. 2008) (second alteration in original) (quoting 28 U.S.C. § 1961(a)). The Court therefore respectfully recommends post-judgment interest be granted on the total award, at the rate set forth in 28 U.S.C. § 1961, calculated from the date on which the Clerk of Court enters final judgment until the date of payment.

## CONCLUSION

For the reasons stated, it is respectfully recommended that Simons's motion for a default judgment be granted and that judgment be entered against Brigade as follows:

- $1,000 in statutory damages for a violation of the Copyright Act;
- $735 in attorney's fees;
- $440 in costs; and
- Post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961(a) following the date judgment is entered.

That is, the Court recommends a total award of $2,175, plus post-judgment interest accruing at the statutory rate.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a

waiver of any further judicial review of the magistrate [judge's] decision.") (quotations omitted).

      Simons shall serve a copy of this Report and Recommendation on Brigade and file proof of such service on the record by **August 3, 2022**.

                              SO ORDERED.

                              */s/ Sanket J. Bulsara  7/27/2022*
                              SANKET J. BULSARA
                              United States Magistrate Judge

Brooklyn, New York